### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

---

GUINIBALDO ORFANEL BARTOLON VELASQUEZ,

      Petitioner,

      v.                             Case No. 2:26-cv-01086 KWR-GJF

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

      Respondents.

### ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention. Petitioner requests that the Court order a bond hearing or his release. Petitioner has already received a bond hearing under 8 U.S.C. § 1226(a), but he challenges the immigration judge's decision at the bond hearing. As explained below, Petitioner's habeas petition is not well-taken and is therefore **DENIED**.

Petitioner is a citizen of Guatemala who entered the United States on an unknown date without admission or inspection.  Doc. 6 at 2 (citing Doc. 6-1 at 1-3). He is in ICE custody at the Otero County Processing Center and has been detained since July 28, 2025.  Doc. 1 at 1.

On March 3, 2026, an immigration judge held a bond hearing pursuant to § 1226(a) and denied his request for release.  Doc. 6-4 at 1. In so ordering, the immigration judge made the following findings: "Flight Risk: Form of relief speculative; prior request for Voluntary Departure denied; manner of entry; criminal charge for DUI in 2014." *See id.*

Petitioner challenges (1) the findings of the immigration judge or the adequacy of his bond hearing and (2) asserts that his detention is prolonged.  Petitioner asserts that his bond hearing was not individualized, but does not explain how it was inadequate or not individualized. Doc. 1 at 1. He asserts he has no criminal history aside from a DUI. *Id.* at 1. His son is a U.S. citizen, he has a stable residence in Florida, and he has long term employment in Florida. *Id.* at 2. He asserts that the Respondents have not demonstrated that his detention is necessary and have not shown that he is a danger to the community or a flight risk. As explained below, these claims fail.

*First,* Petitioner asserts that his detention is prolonged. As explained below, Petitioner received a bond hearing under § 1226(a) and therefore his claim fails.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the

2

petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also required to make arguments and present facts, and the Court need not do so on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").[1] Here, Petitioner did not carry his burden to cite to authority or facts in support of his position. The Court will not address complex issues of constitutional law without briefing, especially given that it is unclear whether he is entitled to relief.

*Alternatively,* only assuming the Court is required to address this inadequately briefed constitutional issue, it is not obvious that the length of his detention violates due process. Moreover, he has received the relief to which he is entitled – a bond hearing under § 1226(a). "Freedom from imprisonment—from government custody, detention, or other forms of physical

---

[1] These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The First and Second Circuits have held that detainees are entitled to an additional bond hearing where the government bears the burden after the detainment becomes prolonged. *Hernandez-Lara*, 10 F.4th at 40; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third, Fourth, and Ninth Circuits have found that § 1226(a) does not entitle a detainee to a new bond hearing with a shifted burden after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Miranda v. Garland*, 34 F.4th 338, 366 (4th Cir. 2022); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). Here, the Court need not address this circuit split, as Petitioner has received a bond hearing under § 1226(a). *See, e.g., Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018) (noting that there is no authority to support the proposition that "duration [or custody] alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations"). Petitioner has not argued or cited to any law that he is entitled to release after 8 months' detention under § 1226(a). Thus, he has received all relief to which he is entitled.

*Second*, Petitioner challenges the discretionary bond decision of the immigration judge. The Court lacks jurisdiction to reconsider the immigration judge's decision. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien

4

or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he was a flight risk and danger to the community. Doc. 6-4 at 1. The Court lacks authority to review that discretionary determination.

Petitioner also did not demonstrate or argue that any due process violations rendered the bond hearing fundamentally unfair. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also United States v. Aguirre-Tello*, 353 F.3d 1199, 1207 (10th Cir. 2004). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem,* 2022 WL 574624, at *2. Petitioner has not argued that the bond hearing was fundamentally unfair or explained why his hearing was inadequate. Petitioner summarily asserts that his bond hearing was not individualized but he does not explain how it was not individualized. The immigration judge made specific findings in the order denying bond. Doc. 6-4 at 1.

In sum, the Court denies Petitioner's habeas petition.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is **DENIED.**

                             /S/

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE